UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PHI ASSOCIATES, L.P.,<br><br>　　　　　Defendant. | Case No. 21-cv-00784-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 17, 27 |

Plaintiff Rafael Arroyo filed the instant suit asserting Defendant PHI Associates, L.P. violated the Americans with Disabilities Act ("ADA") by failing to provide certain information on their hotel reservation website. (First Am. Compl. ("FAC") ¶ 7, Dkt. No. 14.) Plaintiff also alleges actual barriers based on a single photograph from the website. (FAC ¶ 23.) Pending before the Court is Defendant's motions to dismiss and Plaintiff's motion for administrative relief. (Def.'s Mot. to Dismiss, Dkt. No. 17; Pl.'s Mot. for Administrative Relief, Dkt. No. 27.)

The Court previously deemed this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and vacated the July 1, 2021 hearing. (Dkt. No. 26.) Having considered the parties' briefing and the relevant legal authorities, the Court GRANTS Defendant's motions to dismiss, and DENIES Plaintiff's motion for administrative relief as moot.

## I.　BACKGROUND

Plaintiff is a paraplegic who uses a wheelchair for mobility. (FAC ¶ 1.) On January 8, 2021, Plaintiff used the Hotel Drisco's website, seeking to book an accessible room. (FAC ¶ 16.) Plaintiff, however, asserts that the website did not provide sufficient information "to permit him to assess independently whether a given hotel room would work for him." (FAC ¶ 18.) Specifically, the Hotel Drisco's website states that all of its "hotel amenities and public spaces meet the

requirements of the Americans with Disabilities Act," including offering a wheelchair accessible path of travel to the hotel entrance, an accessible check-in reception counter, accessible dining options, accessible elevators, and public restrooms that meet ADA requirements.  (Request for Judicial Notice ("RJN"), Exh. 1 at 2, Dkt. No. 17-2.)  With respect to the guest rooms, the Hotel Drisco's website states that there are "[a]ccessible guest rooms with mobility features with entry doors that provide 32" of clear width," a roll-in shower, "a shower/tub combination (with optional bench)," "grab bars for the toilet and the shower/tub," "lever fixtures," and an "accessible vanity." (RJN, Exh. 1 at 2, Exh. 2 at 3.)

Plaintiff also alleges that the Hotel Drisco does not have an accessible roll-in shower based on a photograph.  (FAC ¶ 23.)  Plaintiff asserts that the photograph shows that the shower's control elements are mounted farther than 27 inches from the seat wall, that there is no grab bar, and that the shower lacks a 30-inch minimum clearance because there is a soap dish and stand. (FAC ¶¶ 24-26.)

On February 1, 2021, Plaintiff filed his initial complaint, asserting that Defendant's website violated 28 C.F.R. § 36.302(e)(1), or the Reservations Rule.  (Compl. ¶ 32, Dkt. No. 1.) On March 18, 2021, Defendant filed a motion to dismiss.  (Dkt. No. 9.)  In lieu of opposing the motion, Plaintiff filed the operative complaint, adding the allegations regarding the photograph. On April 6, 2021, Defendant filed the instant motion to dismiss, which Plaintiffs opposed.  (Pl.'s Opp'n, Dkt. No. 18.)  On April 27, 2021, Defendant filed its reply.  (Def.'s Reply, Dkt. No. 19.)

While the instant motion was being briefed, the Court granted similar motions to dismiss in Case No. 21-cv-119-KAW, *Arroyo v. SC Landmark Hotels, LLC*, Case No. 21-cv-338-KAW, *Rios v. RLJ C San Francisco, LP*, and Case No. 21-cv-431-KAW, *Arroyo v. Independence Menlo Hotel Owner, LLC*.  (*See* Case No. 21-cv-119-KAW, Dkt. No. 22 ("*SC Landmarks* Dismissal Order").) The Court dismissed those cases with prejudice for failure to allege a violation of the Reservations Rule.  (*See id.* at 12.)  Accordingly, on May 14, 2021, the Court issued an order to show cause in this case, stating that it intended to dismiss the Reservation Rule claims.  (Order to Show Cause ("OSC") at 1, Dkt. No. 20.)  The Court ordered Plaintiff to explain how the instant case was distinguishable from the other cases, and why a photograph could establish an ADA violation

and/or Plaintiff's standing. (*Id.* at 2.) On May 26, 2021, Plaintiff filed its response to the order to show cause. (Pl.'s OSC Response, Dkt. No. 21.) On May 31, 2021, Defendant filed its response to the order to show cause. (Def.'s OSC Response, Dkt. No. 22.)

On June 3, 2021, the Court ordered the parties to file a status report regarding whether the case should be stayed pending appeals to the Ninth Circuit in similar Reservation Rule cases. (Dkt. No. 23.) On June 17, 2021, the parties filed a joint status report, in which Plaintiff supported a stay and Defendant opposed the stay. (Status Report. Dkt. No. 25.)

On July 15, 2021, Plaintiff filed a motion for administrative relief, seeking a Court order requiring Defendant to provide three dates of availability for a settlement meeting. (Pl.'s Motion for Administrative Relief at 1.) On July 19, 2021, Defendant filed its opposition in light of the pending motion to dismiss. (Dkt. No. 28.)

## II.    DISCUSSION

### A.    Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the district court's discretion. *See id.* at 254-55. In deciding whether to stay proceedings, the district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that a stay is not appropriate in this case. Plaintiff has not demonstrated that he would suffer any hardship or inequity in going forward.[1] For example, Plaintiff asserts that absent a stay, the parties would have to expend resources on briefing the motion to dismiss. (Status Report at 5.) The motion to dismiss, however, is already fully briefed. Likewise, Plaintiff

---

[1] Indeed, Plaintiff did not even ask for a stay until the Court requested a joint status report on the matter.

argues that if the motion to dismiss is denied, the parties would have to expend substantial resources on discovery, dispositive motions, and trial. (*Id.*) As the Court is granting the motion to dismiss, such concerns are not at issue.

Plaintiff also notes that the Ninth Circuit's resolution of the appeals will simplify the issue. (Status Report at 7.) The Court, however, has already ruled on the Reservations Rule issue, and its ruling is consistent with almost all other courts who have decided the issue. Further, Defendant has identified harm that they would suffer from not having the motion to dismiss determined, including that having the case open "is a cloud on Defendant's business and must be carried as a contingent liability." (*Id.* at 9.) Accordingly, the Court finds that a stay is not warranted.

### B. Request for Judicial Notice

Defendant asks that the Court take judicial notice of: (1) the "Landing page" and accessibility tab of Defendant's website, (2) the relevant pages from Defendant's website showing the accessible room description, (3) a list of Plaintiff's cases filed in California federal court, (4) the consent decree in *United States v. Hilton Worldwide, Inc.*, No. 10-cv-1924, (5) various dismissal orders issued in similar Reservation Rule cases filed by Plaintiff's counsel, and (6) the accessibility page at issue in *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-14-CJC-KES.

With respect to the websites, "[i]n general, websites and their contents may be judicially noticed." *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020). Further, these websites are specifically cited in the complaint, and there is no dispute as to their authenticity and relevance as Plaintiffs do not object to judicial notice of Defendant's website pages. (*See* Pl.'s Opp. at 7.)

As to the list of Plaintiffs' previously filed cases, the Court finds that this is not relevant to the merits of the pending motions.

Finally, the *Hilton* consent decree and dismissal orders are court documents already in the public record. Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Accordingly, the Court GRANTS Defendant's request for judicial notice, except as to the list of Plaintiff's previously filed cases.

4

**C.     Dismissal**

Having considered the parties' briefing, including their responses to the order to show cause, the Court concludes that Plaintiff has not shown cause why the Reservations Rule claim should not be dismissed for the same reasons as stated in *SC Landmarks*. Plaintiff argues that the instant case is distinguishable because there are only "17 bulleted items that mention accessibility," as opposed to the *SC Landmarks* website that had "34 bulleted items which mention accessibility." (Pl.'s OSC Response at 2.) Plaintiff, however, cites no authority that there is a minimum number of bulleted items that must mention accessibility; rather, the issue is whether Defendant have provided sufficient information. The Court finds that it has. Defendant has provided the type of information that the Department of Justice stated should satisfy the Reservations Rule in its 2010 Guidance, including the general type of room, the type of bed, the type of accessible bathing facility, and the communication features available in the room. The website then goes beyond the recommended information, plainly stating that "**all** of our hotel amenities and public spaces meet the requirements of the [ADA]," and identifying accessible features such as dining options, public restrooms, elevators, guest rooms "with entry doors that provide 32" of clear width," roll-in showers, "a shower/tub combination (with optional bench)," "grab bars for the toilet and the shower/tub," "lever fixtures," and "an accessible vanity." (RJN, Exh. 1 at 2 (emphasis added), Exh. 2 at 3.) To the extent Plaintiff argues other information is required, the Court found in *SC Landmarks* that "the Reservations Rule was not intended to be an accessibility survey, and Plaintiffs cite no binding authority that additional information is required, let alone the specific dimensions that Plaintiffs would require." (*SC Landmarks* Dismissal Order at 10.) Such remains the case, particularly where Defendant's website affirmatively states that all of its hotel amenities meet ADA requirements.

Further, to the extent Plaintiff again complains that "Defendant simply labeling a bunch of common areas as 'accessible' does not allow a person 'to assess independently whether a given hotel or guest room meets his or her accessibility needs," the Court already rejected this argument. (Pl.'s OSC Response at 2.) Specifically, the Court explained:

> Contrary to Plaintiffs' argument that labeling a feature "accessible"

> is a "naked conclusion [that] provides no actual information," the term "accessible" is not merely a "one-word adjective." (*See* [Pl.'s] Opp. at 13.) Rather, "the term 'accessible' is specifically defined in the ADAAG to describe 'a site, building, facility, or portion thereof that complies with these guidelines.'" *Chamber Maid L.P.*, 2021 U.S. Dist. LEXIS 49411, at *12 (quoting 1991 ADAAG § 3.5); *see also Garcia v. E.L. Heritage Inn of Sacramento, LLC*, Case No. 20-cv-2191-JAM-AC, 2021 WL 1253346, at *2 (E.D. Cal. Apr. 5, 2021). Thus, describing the room and features as "accessible" adequately informs guests of the room's and features' compliance with the ADAAG. *See id.*

(*SC Landmarks* Dismissal Order at 10.) Accordingly, the Court finds that Defendant's website satisfies the Reservations Rule, and Plaintiff's claim fails as a matter of law. (*See id.* at 11.)

As to whether a photograph can establish a violation and/or Plaintiff's standing, Plaintiff argues that because he has "actually encountered a barrier (an accessible hotel website), he has standing to sue over any other barrier he becomes aware of." (Pl.'s OSC Response at 7.) As discussed above, Plaintiff has not pled a violation of the Reservations Rule. Thus, Plaintiff lacks standing to sue based on the alleged barriers in the photograph because Plaintiff has not actually encountered that or any other barrier.

The Court also observes that it is not apparent to the Court that a violation can be established by a photograph when a plaintiff does not visit the facility. *See Love v. Wildcats Owner LLC*, Case No. 20-cv-8913-DMR, 2021 U.S. Dist. LEXIS 66021, at *21 n.3 (N.D. Cal. Apr. 5, 2021) ("If a hotel represents that its features are accessible when they are in fact not compliant with the Standards, the hotel would be liable for violating the Reservations Rule and possibly for structural ADA violations. The only difference is that a plaintiff would have to physically visit the hotel in order to know that its reservation system violates the Reservations Rule."). Courts in this district have found that a "[p]laintiff's independent conclusion that [a h]otel is not ADA-compliant, based solely on his own review of website photographs, is merely conjectural and does not demonstrate *actual knowledge* of illegal barriers." *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-2991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *12 (C.D. Cal. Dec. 9, 2019).

In *Strojnik v. Victus Group, Inc.*, the district court found insufficient allegations of knowledge of the alleged barriers based on photographs, explaining that "it is not clear what the

6

source of the pictures are, whether the pictures concern rooms that are intended to be ADA compliant, or whether [the plaintiff] confirmed the existence of the barrier with [the hotel]." Case No. 18-cv-1620-AWI (SKO), 2020 U.S. Dist. LEXIS 54117, at *8 (E.D. Cal. May 27, 2020). Similarly, Plaintiff here does not explain where he obtained the photo, and it is not clear to the Court that the photo is meant to be representative of the roll-in shower or that other ADA-compliant facilities are not available. *Compare with Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *4 n.1 (C.D. Cal. Aug. 14, 2019) ("while Plaintiff presents photos of allegedly inaccessible rooms and vending machines, for example, this does not mean that Defendants did not have other rooms and other vending machines that are accessible").

The Court therefore dismisses Plaintiff's claims with prejudice, including the Unruh Act claim. *See Arroyo v. Dorcich Farms, LLC*, Case No. 20-cv-8216-LHK, 2021 U.S. Dist. LEXIS 70427, at *3 (N.D. Cal. Apr. 12, 2021) ("Plaintiff's Unruh Civil Rights Act claim must be dismissed because it is dependent on Plaintiff's meritless ADA claim.").

### III.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with prejudice. In light of the dismissal, the Court DENIES Plaintiff's motion for administrative relief as moot.

IT IS SO ORDERED.

Dated: July 30, 2021

KANDIS A. WESTMORE
United States Magistrate Judge